UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: MODERN PLASTICS CORPORATION,

    Debtor,
_____/

NEW PRODUCTS CORPORATION and
MARK S. DEMOREST,

    Appellants,

v.

DICKINSON WRIGHT, PLLC, et al.,

    Appellees,

and

DANIEL M. LAVILLE and
DEAN E. REITBERG,

    Interested Parties.
_____/

HON. ROBERT J. JONKER

CASE NOS. 1:15-CV-1026 (lead case)
          1:15-CV-1200
          1:15-CV-1249
          1:16-CV-370 (related case)

## ORDER OF RECUSAL

This is a series of appeals from decisions of the Bankruptcy Court related to a breach of fiduciary claim asserted by New Products Corporation against the former Chapter 7 Trustee of Debtor, Modern Plastics Corporation. New Products is a general unsecured creditor of Modern Plastics. At some point, New Products also acquired the secured position of the original mortgagee of Modern Plastic's real estate. The Modern Plastics real estate at issue in these appeals is physically proximate to the large Benton Harbor revitalization development project known as Harbor Shores. That fact may or may not turn out to be important on the merits of the appeals, but the potential for

it to matter is what drives the undersigned's need under 28 U.S.C. 455(b)(2) to recuse himself from deciding the appeals.

In the substantive appeal (Case No. 1:16-cv-370), New Products claims the Trustee mishandled the Debtor's real estate, leading to an alleged loss of value for the estate, the mortgagee of the property or both. The Bankruptcy Court rejected the claim after a bench trial, finding among other things that the potential value of the property to the estate was totally swamped by enforceable mortgage, tax or other liens on the property; and that New Products had not acquired any claim the secured creditor might have had in its own right. The remaining three appeals (Case Nos. 1:15-cv-1026, 1:15-cv-1200, and 1:15-cv-1249) involve a third-party Rule 45 dispute that ultimately led the Bankruptcy Court to impose cost-shifting and contempt sanctions against New Products Corporation and its counsel, all of which New Products and its counsel contest. Briefing has been comprehensive, to say the least, with the final briefing deadline of September 15, 2016, just passing.

The Court convened an early status conference to address with counsel the management of these appeals. The Court disclosed during the conference that the undersigned was a partner at the law firm of Warner Norcross & Judd until becoming a Federal District Judge in July of 2007. Attorney John Cameron was still a partner of the firm at the time. Mr. Cameron later left Warner Norcross and joined Dickinson Wright, a party in the Rule 45 appeals. While still at Warner Norcross, Mr. Cameron took on representation of interests associated with the Harbor Shores development project, and he later took that representation with him to Dickinson Wright. At least in the early stages of the representation, Mr. Cameron's clients were focused on strategies for consolidating ownership and control of property targeted for development. The Modern Plastics real estate is physically situated in a place that would make it a natural target for Harbor Shores

development. The undersigned informed counsel at the early status conference that he had (and has) no memory of performing any personal work on anything related to Harbor Shores, but that he was unsure of what work others at the firm had performed at the time, and whether any of the work was sufficiently connected to the current appeals to mandate disqualification under Section 455(b)(2).

The Court invited the interested parties to investigate the facts and brief the issue. They have done so and filed their positions on September 15, 2016. New Products takes the position that disqualification is required. The other parties disagree. Though the parties disagree on the ultimate issue of disqualification, they do agree on the basic facts. First, it appears that the Harbor Shores project was something that Warner Norcross worked on while the undersigned was a partner at the firm, though the parties have found no indication that Judge Jonker personally worked on anything involving Harbor Shores. Second, the Modern Plastics bankruptcy itself, the alleged wrongdoing of the former Chapter 7 Trustee and all the Rule 45 issues occurred well after the undersigned left private practice. As all parties recognize, the issue of disqualification ultimately turns on how broadly "concerning the matter" reaches under Section 455.

Under 28 U.S.C. § 455(b)(2), a judge shall disqualify himself where "a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter." Focusing narrowly on the appeals themselves and when they arose would naturally lead to the conclusion that recusal is not mandatory in this case. The bankruptcy itself was not even on file until two years after the undersigned left private practice. The adversary proceeding and Rule 45 practice began later still. So there is no reasonable way in which the undersigned ever practiced law with anyone on the particular cases or appeals, narrowly framed.

However, the phrase "matter" as used in this section "is intended to have broader meaning than the specific case pending for resolution." *United States v. Lawson*, 2009 WL 1702073, *2 (E.D. Ky. June 17, 2009); *Philip Morris USA Inc. v. United States Food and Drug Admin.*, 2016 WL 158499 (D.D.C. Jan. 13, 2016). And that is what ultimately leads the Court to conclude that recusal is necessary in this situation. There is no question in the Court's mind but that the appeals at the very least arise out of a context linked with the Harbor Shores development. Real estate value necessarily depends on context. The value of property in an area potentially targeted for re-development may be driven as much by the potential developer's plans, as by anything else. There are many issues on the appeals–perhaps all the issues–that could ultimately be decided without explicit reference to Harbor Shores. And yet, the Harbor Shores development project has at least some tangible connection to each of the appeals. Even a cursory review of the merits briefing reveals that Harbor Shores is referenced in some way in almost all of them.

Under the circumstances, the Court concludes Warner Norcoss & Judd LLP served as counsel "concerning the matter" of these appeals at a time when Judge Jonker was a partner at that law firm, and that recusal is required. See 28 U.S.C. § 455(b)(2); 28 U.S.C. § 455(e); *Liteky v. United States*, 510 U.S. 540, 567 (1994). Accordingly, the undersigned **RECUSES** himself from further participation in these appeals and will have them reassigned to another Judge. The Court notes that Judge Maloney has previously recused himself on the originally filed appeal, and so he is disqualified as well.

**IT IS SO ORDERED**.

Dated:     September 20, 2016            /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE